UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, ) | Case No. 1:12 CV 2265 |
| ) | |
| ) | |
| Plaintiff ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| NANCY FUERST, *et al.*, ) | AND ORDER |
| ) | |
| Defendants ) | |

Before the Court is *pro se* plaintiff James Hayden's above-captioned *in forma pauperis* Complaint against defendants Nancy A. Fuerst, Stephen G. Noffsinger and Carrie Hendrichs. Mr. Hayden claims the defendants conspired to violate "multiple Constitutional and statutory rights." For the reasons set forth below, the Complaint is dismissed.

*Background*

Mr. Hayden was indicted in the Cuyahoga County Court of Common Pleas on October 31, 2011. *See State of Ohio v. Hayden*, No. CR-11-555897-A (Cuy. Ct. Com. Pl.) The indictment charged him with burglary, theft, aggravated theft and impersonation of certain officers. Following his arraignment on November 4, 2011, Mr. Hayden's criminal case docket reveals he was referred to a psychiatric clinic ten days later. *Id.* This initial referral may be the centerpiece of what

prompted his complaint before this Court.[1]

The defendants in this action, Common Pleas Judge Nancy Fuerst, psychiatric clinic physician Stephen Noffsinger and Assistant County Prosecutor Carrie Heindrichs, are all actively involved in Mr. Hayden's pending criminal case in state court. He complains he has reviewed the "transcripts in this case" and believes the defendants have violated 42 U.S.C. §1983. By virtue of their actions, he alleges they are "divest[ed] of any immunities by Ohio Legislation Revised Code 2921.45." (Compl. at 3.)

Mr. Hayden alleges that the defendants violated Ohio Revised Code §§ 2945.37, 2945.371, 2317.38 and 2945.37(E), as well as the Privacy Act on August 16, 2012.[2] On that date, the defendants allegedly disclosed private mental health information to the public without his consent "under sham legal process by proven false testimony of Stephen Noffsinger and participation of prosecutor Carrie Heindrichs." *Id*. He states he has filed a criminal complaint against them and asked the Department of Justice to investigate his claims. The balance of the Complaint is comprised of a number of disjointed, random and conclusory statements that cannot be evaluated

---

[1] Since Mr. Hayden's initial referral, the court has held two competency hearings. After Judge Fuerst ordered a 20-day evaluation of competency at the start of his scheduled trial on October 23, 2012, Mr. Hayden's last competency hearing was conducted on February 28, 2013. At that hearing, Judge Fuerst issued the following Judgment Entry, in part:

> THE COURT FINDS BY CLEAR AND CONVINCING EVIDENCE THAT DEFT IS INCOMPETENT TO PROCEED, PRO SE OR WITH COUNSEL. FURTHER, THE COURT FINDS THERE IS A SUBSTANTIAL LIKELIHOOD THAT HE CAN BE RESTORED TO LEGAL COMPTENCY AND THAT THE LEAST RESTRICTIVE SETTING FOR DEFT TO BEGIN RESTORATION TREATMENT IS THE CIVIL SETTING AT NORTHCOAST BEHAVIORAL HEALTHCARE.

[2] The docket in Mr. Hayden's state case reveals that a Competency Hearing was conducted on the record in open court pursuant to Ohio Revised Code § 2945.371(A) on August 16, 2011.

on a substantive level.

In his prayer for relief, Mr. Hayden seeks $4 million in compensatory damages and $16 million in punitive damages from each defendant. Furthermore, he seeks $48 billion in combined damages on behalf of all United States citizens.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

*Failure to State a Claim*

Construing the complaint in a light most favorable to Mr. Hayden, the Court concludes he could not prove any set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). As a threshold matter, a plaintiff is obligated "to provide the grounds of his entitlement to relief . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __127 S. Ct. 1955, 1964-65 (2007)). Although Mr. Hayden repeatedly asserts the defendants violated his civil rights, as well as several sections of the Ohio Revised Code that address competency hearings, he has not stated a claim for relief.

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove

that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976). Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140.

Mr. Hayden has not asserted what Constitutional right he believes the defendants have violated. Instead, he simply asserts the trial judge, the prosecutor and an examining physician conspired to disclose medical information without his consent during a competency hearing.

A crucial step in testing the sufficiency of a complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. CT. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Bell*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*, 550 U.S. at 555 (citations and quotation marks omitted). Mr. Hayden has not alleged grounds for relief beyond a series of conclusory allegations. Thus, he has failed to state a claim for relief.

*Immunity*

Even if Mr. Hayden stated more than conclusory allegations, he could not bring an action against the defendants in this action based on violations of 42 U.S.C. § 1983. Under Section 1983, no judge, *Pierson v. Ray*, 386 U.S. 547 (1967), or a prosecutor, *Imbler v. Pachtman*, 424 U.S. 409 (1976), may be held liable for damages for the performance of their respective duties in judicial proceedings. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Nothing alleged in the Complaint suggests Judge Fuerst or Assistant Prosecutor Heindrichs acted beyond the scope of their duties. As such, both defendants are immune from suit.

Dr. Noffsinger is similarly immune from suit. As a matter of law, Section 1983 does not allow a plaintiff to recover damages against a private party for testimony in a judicial proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). The remedy provided under §1983 is limited to actions taken "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ...." 42 U.S.C. §1983. Therefore, to the extent Mr. Hayden is challenging any testimony Dr. Noffsinger may have provided in open court regarding Mr. Hayden's competency his actions were not performed "under color of law." [3] With respect to private witnesses, it is clear that § 1983 provides immunity from damages. *Briscoe*, 460 U.S. at 329. Accordingly, Dr. Noffsinger is entitled to absolute immunity.

*Conclusion*

Based on the foregoing, the Complaint is dismissed pursuant 28 U.S.C. § 1915(e). Further,

---

[3] Mr. Hayden refers to testimony given "under sham legal process by proven false testimony of Dr. Stephen Noffsinger." The record reflects the doctor provided testimony during Mr. Hayden's August 16, 2011 competency hearing.

the Court certifies that an appeal from this decision could not be taken in good faith.[4]

    IT IS SO ORDERED.


                 */s/SOLOMON OLIVER, JR.*
                 CHIEF JUDGE
                 UNITED STATES DISTRICT COURT

March 8, 2013

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."